UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EUSTOLIA M. PEREZ, | Case No. ED CV 06-01435-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented to the case being handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and certified Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of

---

[1] On February 1, 2007, Michael J. Astrue became Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

1 the Commissioner must be reversed and the matter remanded for further
2 hearing.

### **PLAINTIFF WAS UNFAIRLY DENIED HER RIGHT TO COUNSEL**
### **AT THE HEARING BEFORE THE ADMINISTRATIVE LAW JUDGE**

Plaintiff's Applications for Title II Social Security insurance benefits (Administrative Record ["AR"] 51-53) and Title XVI Supplemental Security Income benefits (AR 313) were filed on February 6, 2004. The claims were administratively denied on May 7, 2004 (AR 22-26), and Plaintiff filed a timely Request for Reconsideration on May 25, 2004 (AR 27), which was denied on July 2, 2004. (AR 28-32.) Plaintiff then timely filed a Request for Hearing before an Administrative Law Judge ("ALJ") on July 19, 2004. (See AR at 13.) She filed a second request for a hearing on August 16, 2005. (AR 34.) The hearing was held in San Bernardino, California on May 26, 2006. (AR 315-328.) The ALJ issued an unfavorable decision on July 24, 2006. (AR 8-18.) Plaintiff timely filed a Request for Review of Hearing Decision/Order of August 8, 2006 (AR 7), which was denied by the Appeals Council on November 9, 2006. (AR 4-6.)

### **STATEMENT OF FACTS**

The sole issue in this case is whether Plaintiff was improperly denied her right to counsel at the hearing before the ALJ. The facts submitted to the Court indicate the following:

1. On April 12, 2006, the Social Security Administration ("SSA") sent Plaintiff a Notice of Hearing, setting the hearing for May 12, 2006. (AR 38-41.) The Notice was in the English language.

2.  On April 21, 2006, Plaintiff submitted an Appointment of Representative designating her daughter, Lupe Perez, as her representative. (AR 43.)

3.  Also on April 21, 2006, Plaintiff designated another daughter, Frances Perez, as her representative. (AR 44.)

4.  On April 21, 2006, Lupe Perez sent a facsimile transmitting the Appointment of Representative forms, and referencing a voicemail which Lupe Perez had left asking to change the hearing date from May 12, 2006 because she could not appear on that date. (AR 42.)

5.  On May 4, 2006, the SSA recalendared the hearing for May 26, 2006. (AR 45-48.)  The Notice of Hearing was signed by the ALJ, F. Keith Varni.

6.  On May 9, 2006, Frances Perez wrote to Judge Varni, requesting that she be removed as Plaintiff's representative because she had elected to serve as a witness. (AR 49.) This notice was sent by facsimile to the attention of "Bernadette (Hearing and Appeals Court)." (AR 50.)

7.  On May 12, 2006, an Appointment of Representative was signed by Plaintiff, designating Attorney Bill LaTour as Plaintiff's representative. (AR 19.)

8.  The May 12, 2006 Appointment of Representative, designating Attorney LaTour as Plaintiff's new representative, was submitted to the ALJ on May 16, 2006. (See JS at 8.)[2]

---

[2] The Commissioner concedes that the new Appointment of Representative was submitted to the ALJ on May 16, 2006, but cites AR 19 as proof of that.  That document is simply the Appointment of Representative.  The Court accepts the Commissioner's representation that the ALJ received the new Appointment of Representative on May 16,
(continued...)

| | | |
|---|---|---|
|1|9.|On May 17, 2006, the ALJ received a Request for Continuance of the scheduled May 26, 2006 hearing. (See AR at 13.)[3]|
|3|10.|At the hearing on May 26, 2006, Plaintiff appeared and was assisted by an interpreter. (AR 317-327.) The following discussion ensued between the ALJ and Plaintiff:|

"ALJ:   Now this is the case of Eustolia Perez, a claimant for Social Security disability benefits and a period of disability and supplemental security income, account number 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. The record will show the presence of the Claimant and Mr. Rafael Estevez, the Interpreter to the Office of Hearings and Appeals. Ms. Perez, you were, at one time, represented by a friend, Frances Perez or Francisco Perez [phonetic]?

CLMT:   That's my daughter.

ALJ:   And she's not representing you anymore?

CLMT:   No, because we hired this attorney.

ALJ:   When did you hire the attorney, Mr. LaTour?

CLMT:   It's about three weeks, about three weeks. I do not recall exactly.

ALJ:   Well, you were notified long ago of your right to be represented. Why did you wait until just recently before you decided to get a Representative?

---

[2](...continued)
2006.

[3] The Court notes that the ALJ stated in his Decision that Plaintiff and her new representative had requested a hearing continuance on May 17, 2006. The Decision cites "Exhibit 4B," which is a "Request for Hearing by Administrative Law Judge" filed by Plaintiff. (See AR at 34.) The Court accepts the ALJ's statement that a request for continuance was received on May 17, 2006.

```
 1       CLMT:      The reason is that they told me that I could represent
 2                  myself but, since I don't know how to handle it, then
 3                  they advised me to wait when the date was close in
 4                  order to have a Representative representing me and
 5                  that's what I did.
 6       ALJ:       Now, we sent you a letter back in September of last
 7                  year advising you that you could be represented and
 8                  also suggesting to you that if you were going to be
 9                  represented you make arrangements right away to get a
10                  Representative.  Well, I'm not going to continue the
11                  matter because I think you've had plenty of time to get
12                  somebody to represent you and waiting until just before
13                  the hearing is not reasonable.  All right.  I'm going
14                  to take your testimony this morning and I will -- I am
15                  receiving into evidence the documents in the file here
16                  and I will decide the case on what you tell me and
17                  what's in the file.
18                  (Exhibits, previously identified, were received into
19                  evidence and made a part of the record thereof.)
20       CLMT:      Okay.
21       ALJ:       All right."
22  (AR 317-318)
23
24       11.  In the ALJ's Decision, the following statements are made
25            concerning attorney representation:
26            "Waiting until May 12, 2006 to sign with an attorney was not
27       due diligence and unreasonably tardy.  This office has over 5,000
28       cases pending before eight administrative law judges with limited
```

access to hearing space.  Time slots are valuable and are not to be wasted because of the unreasonable inaction of claimants. Even considering the claimant's limited education and limited language skills, no good cause existed to continue this matter and it proceeded to hearing on May 26, 2006."
(AR 13.)

## **ANALYSIS**

A claimant has a statutory right to the assistance of counsel. (See 42 U.S.C. §406(a).)  A claimant also has a due process right to a fundamentally fair hearing. (See Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971).)

In this case, when Plaintiff appeared at her hearing on May 26, 2006, the ALJ's questions to her seemed to indicate that he was unaware that Mr. LaTour had been previously appointed as her representative, although he was the first one to reference the attorney's name ("CLMT: No, because we hired this attorney. ALJ: When did you hire the attorney, Mr. LaTour? [AR 317]).  The record establishes that the ALJ was in fact aware that Plaintiff was represented by Mr. LaTour as of May 17, 2006. (See ¶ 9, at p. 4 of this Memorandum Opinion.)  The issue in this case had absolutely nothing to do with whether or not it was diligent for Plaintiff to retain Mr. LaTour on May 12, 2006.  The SSA had received counsel's request for a continuance of the hearing on May 17, 2006.  There is no indication that this request was ruled upon prior to the hearing; instead, the ALJ engaged Plaintiff in a colloquy about when she had retained Mr. LaTour.  Further, the ALJ failed to rule on the pending continuance request at the hearing.

1        Plaintiff's applications were administratively denied in July 2004. She timely requested a hearing on July 19, 2004. The first hearing was noticed 21 months later for May 12, 2006. The ALJ was agreeable to continuing that hearing at the request of one of Plaintiff's daughters who had been appointed as her representative, because of the daughter's inability to appear on May 12, 2006. Plaintiff retained Mr. LaTour on May 12, 2006. Mr. LaTour requested a continuance of the May 26, 2006 hearing within five days of being retained as counsel. The Court sees nothing untimely or unreasonably tardy in any of this. The ALJ's reference to the fact that there are over 5,000 cases pending before eight Administrative Law Judges, with limited access to hearing space, is irrelevant. Justice in the United States has never been a matter of mass production, and due process is not to be trumped by heavy caseloads. The Court is troubled even further by the ALJ's question to Plaintiff at the hearing as to her status. ("What is your status, are you a resident, alien, a citizen, or what?" [AR 319].) The relevance of this question escapes the Court, as it is not a prerequisite to receive Social Security benefits that an individual be a citizen.

        Plaintiff's statutory right to counsel was improperly impinged upon. This matter will be remanded for a new hearing before a different ALJ, as the Court has reservations about Plaintiff's ability to obtain a fair hearing before the same ALJ.

//
//
//
//
        For the foregoing reasons, the decision of the Commissioner is

7

reversed and this matter is remanded for a new hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: October 24, 2007                    /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE